The opinion of the Court was delivered hy
Fenner, J.
The defendant appeals from a conviction and sentence for crime against nature..
The learned counsel appointed hy the Court to represent the prisoner has discharged his gratuitous task with zeal and ability, justly meriting our commendation.
It is contended that the Section 788, R. S., providing for the punishment of the “ abominable and detestable crime against nature, committed with mankind or beast,” does not define the crime, and that it does not describe any crime known to the common law.
The books satisfy us that the crime referred to by the statute is known in the common law by the convertible and equivalent names of “crime against nature," “sodomy,” and “buggery.” Bishop Cr. L. §503; 4 Blackstone Com. pp. 214; Bouvier’s and Abbott’s Law Dictionaries, verbis, crime against nature, sodomy, buggery; Ausmen vs. Veal, 10 Ind. 365.
The statutes of Massachusetts and New York are similar to onrs in the terms of description used, and prosecutions thereunder have been maintained. Com. vs. Snow, 111 Mass. 411.
A case arising under the same statute has been before this Court, and though it passed off on other grounds, no such objections as this was made. State vs. Gruso, 28 A. 952.
The authorities from Texas, quoted by counsel seem to rest on a statute peculiar to that State, providing that no person shall bo punished for any crime unless the same shall be “ expressly' defined ” in the statute punishing the same. These cases, therefore, do not affect the general principle here in controversy.
The requirements of the common law indictment, in describing the offense, including its additional qualification as “ buggery,” are fully complied with.
The euphemism by which the law describes pccatmn ilhtd horribile, does not, in our opinion, leave its meaning doubtful or obscure.
We therefore think the objection untenable.
We find no uncertainty or insufficiency in the laying of the venue of the offense in the information.
The proceedings are regular and legal in all respects.
Judgment affirmed.